McClendon, j.
I gIn this case, the attorneys for a workers’ compensation claimant appeal from a judgment denying their request to collect attorney fees from the seed money in claimant’s Medicare Set-Aside fund. For the reasons that follow, we affirm.
On June 22, 2004, Brian J. Benoit was allegedly involved in a work-related accident white working for MMR Constructors, Inc. Temporary total disability benefits were paid from October 22, 2004, through January 31, 2011, in the amount of $401.67 per week. Supplemental earning benefits were paid in the amount of $816.52 per month from February 1, 2011, through February 28, 2012. After filing a disputed claim for compensation,[1] the parties, on February 28, 2012, settled the indemnity portion of the claim for $30,000.00. Thereafter, on October 9, 2012, the parties settled the medical portion of the claim for $50,846.00, which amount was determined by the Centers for Medicare and Medicaid Services (CMS) to adequately consider Medicare’s interests as Mr. Benoit was Medicare eligible. Further, as part of the settlement, Mr. Benoit entered into a Medicare Set-Aside (MSA) Structure Settlement Agreement and Release, approved by CMS. In conjunction with the medical settlement, Mr. Benoit filed a motion to dismiss his suit, which was granted on October 9, 2012.
Also on October 9, 2012, Joseph G. Albe and Robert A. Lenter, Mr. Benoit’s attorneys, filed a motion to collect $2,480.00 in attorney fees, which represented the seed money for the MSA fund.[2] The motion was summarily denied. The attorneys filed a motion for reconsideration of the denial of their motion, which was heard on December 11, 2012. On February 4, 2018, a judgment was rendered by the Office of Workers’ Compensation (OWC), denying 1 ¡¡the attorneys’ motion for reconsideration. The attorneys appealed[3] and requested ■written reasons for judgment. Reasons for Judgment were issued on March 25, 2013.
In its reasons, the OWC concluded that the attorneys were not entitled to the seed money in the MSA fund. The OWC stated that the MSA seed money was specifically designated as a set, calculated, dollar *209 amount for use by Mr. Benoit to cover his medical expenses incurred during the time after the settlement of his medical claim until he received his first annuity payment. The OWC further stated that the annuity payment is the set, calculated, dollar amount and residual yearly payment used to fund Mr. Benoit’s MSA and is to be used by Mr. Benoit to cover his medical treatment for the remainder of his life. The OWC then referred to the settlement agreement, approved by CMS, and between Mr. Benoit, his employer, and the insurer. Section 9 of the Agreement, regarding Medicare Set-Aside, provides, in relevant part:
The Medicare set-aside funds in this case are to be self-administered. The Claimant has been provided with the directives issued by CMS regarding his rights and responsibilities in this regard. The Claimant understands that the MSA funds must be placed in an interest-bearing account, and this account must be separate from the individual’s personal savings and checking accounts. The funds in this account may only be used for payment of medical services related to the work injury that would normally be paid by Medicare. If payments from this account are used to pay for services that are not covered by Medicare, Medicare will not pay injury-related claims until these funds are restored to the MSA account, and then properly exhausted. (Emphasis added.)[4]
^Finding that the agreement between Mr. Benoit and Medicare explicitly states for what the money is to be used, the OWC denied the motion to reconsider.[5]
Having thoroughly reviewed the record presented on appeal, we find no merit in the attorneys’ assignments of error. The provisions of the MSA agreement are clear, unambiguous, and plainly state that the funds in the account can only be used for the payment of medical services related to Mr. Benoit’s work injury that would normally be paid by Medicare. Because there is no ambiguity in the agreement language, its words should be given effect Thus, we affirm the decision of the OWC denying Mr. Benoit’s attorneys a fee from the MSA seed money. This memorandum opinion is issued in compliance with Uniform Rules of Louisiana Courts of Appeal, Rule 2-16B. Costs of this appeal are assessed to the attorneys, Joseph G. Albe and Robert Lenter.
AFFIRMED.
PETTIGREW, J., concurs with results.

. In 2011, Mr. Benoit filed a disputed claim for compensation, asserting that the proper compensation rate was not being paid to him. He also requested penalties and attorney fees.

. Louisiana Revised Statutes 23:1141A provides in part that "[c]laims of attorneys for legal services arising under this Chapter shall not be enforceable unless reviewed and approved by a workers’ compensation judge.”

. On May 20, 2013, this Court issued a show cause order regarding the October 9, 2012 and February 4, 2013 rulings of the OWC. We noted that neither ruling appeared to have appropriate decretal language disposing of and/or dismissing the claim(s) of the claimant. Furthermore, we noted that it was unclear whether the rulings were appealable judgments. We instructed the parties to file briefs on whether the appeal should or should not be dismissed for the above-mentioned reasons. On May 21, 2013, Mr. Albe filed a brief in response to the Court’s rule to show cause order, stating that all pending issues raised by the claimant had been resolved and the only remaining issue was whether Mr. Benoit’s attorneys by law were entitled to an attorney fee on the settlement. On August 15, 2013, a duty panel made a determination to provisionally maintain the appeal, stating: "The appeal is provisionally maintained subject to review by the merits panel." Upon our own review, we maintain the appeal.

. In the directives given to Mr. Benoit, he was again informed that his Workers' Compensation Medicare Set-Aside Arrangement (WCMSA) funds "may only be used to pay for medical services and prescription drug expenses related to your work injury that would normally be paid by Medicare,” and further that "[(Individuals that have a CMS-approved WCMSA as part of a workers’ compensation settlement agreement may only use the funds in the WCMSA account to pay for Medicare-covered medical services and Medicare-covered prescription drug expenses that are related to their workers’ compensation injury, illness, or disease.”

. The OWC also referred to a 2004 memo from the director of CMS that specifically states that attorney fees cannot be charged to the set-aside arrangement. However, the memo is not part of the record, and we do not use it as a basis for our decision.